IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INARA CEDRINS,

      Plaintiff,

vs.                                                Civil No. 09cv1027 MV/RLP

USCIS, ICE and HOMELAND SECURITY,

      Defendants.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
THAT PLAINTIFF BE GRANTED LIMITED WAIVER OF COSTS,
THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE, AND
THAT FILING RESTRICTION BE IMPLEMENTED
<u>AS TO FUTURE FILINGS BY PLAINTIFF</u>**

Plaintiff, Inara Cedrins, filed the instant suit on October 29, 2009. The suit is denominated a civil rights complaint brought pursuant to 42 U.S.C. §1983. Plaintiffs asserts jurisdiction pursuant to 28 U.S.C. 1343(a), 42 U.S.C. 1983 and the Freedom of Information Act. (Docket No. 1). Plaintiff seeks to proceed *in forma pauperis*. (Docket No. 2).

Plaintiff has submitted an affidavit stating that she is unemployed, self-employed, has no income, real estate, automobile, stocks or bonds, cash in banks or savings and loans, and has $7,000.00 in debts. (Docket No. 2). Based on this affidavit, I recommend that the court authorize the filing of the instant complaint without the payment of a filing fee.

      **A.**       **Standard for a Sua Sponte Dismissal**

The court must dismiss, as the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §1915 (e)(2). A complaint may be dismissed *sua sponte* as frivolous under §1915(e)(2) if it "lacks even an arguable basis in law," as when it is premised on a nonexistent legal interest or "delusional factual scenario" – situations in which the claims are "so defective that they

should never have been brought at the outset." **Neitzke v. Williams**, 490 U.S. 319, 327-28 (1989).

The court must liberally construe the sufficiency of allegations in a *pro se* complaint, **Haines v. Kerner**, 404 U.S. 519, 520-521 (1972), accepting as true "all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom" and viewing those allegations "in the light most favorable to the plaintiff." **Morese v. Lower Merion School Dist.**, 132 F.3d 902, 906 (3rd Cir. 1997).

However, the court may dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." **Hall v. Bellmon**, 935 F.2d 1106, 1109 (10th Cir. 1991).

### B. Claims before the Court

In describing the nature of this case, Plaintiff outlines her marital dispute with Rashesh Kumar Shrestha ("Shrestha" herein), a citizen of Nepal. The details of this dispute, which was tried before a state court district judge, are set out with specificity in the other complaints Plaintiff has filed in this court.[1] In each of these prior cases, Plaintiff invoked the jurisdiction of this court to

---

[1] **Cedrins v. Shrestha**, 09cv262 JB/RLP, titled "Appeal of Plaintiff's Petition for Annulment Due to Marriage Fraud and Non-consummation against Ramesh Kumar Shrestha." Dismissed without prejudice on March 31, 2009.
  **Cedrins v. Shrestha**, et al., 09cv348 LH/GHW, titled "Petition for Immigration Law to be Enforced, for Plaintiff to Represent Herself in this Case for Annulment Due to Marriage Fraud and Non-consummation before Administrative Agencies, USCIS, ICE and the IRS, to Obtain Discovery, and Right to an Annulment." Dismissed without prejudice on July 13, 2009 for lack of standing, failure to state cognizable federal claims and improper forum.
  **Cedrins v. Shrestha**, 09cv645 JCH/RLP, titled "Appeal of case for Annulment and Request that Trial be Declared a Mistrial." dismissed on July 8, 2009 for lack of subject matter jurisdiction.
  **Cedrins v. Shrestha & Prewit**, 09cv646 MV/LFG, titled "Petition for Right to Obtain Information from USCIS, ICE and the IRS to Present this information as Evidence." Dismissed with prejudice on September 24, 2009 for lack of federal jurisdiction.
  **Cedrins v. Shrestha**, 09cv687 JAP/RHS, titled "Petition for Plaintiff's Right to Obtain Discovery from Administrative Agencies, USCIS, ICE and the IRS and to Present Evidence of Immigration Code

intercede in this domestic relations dispute.

In the instant suit, Plaintiff contends that she has been denied information by the USCIS which she needs to prove marriage fraud and to obtain an annulment and to prove her state court claims for conspiracy to defraud (Counts I & II). Plaintiff also alleges that no action has been taken on her report that Shrestha is a possible terrorist. (Count III). Her factual basis for Count III is that Shrestha made national and international telephone calls with her knowledge.

In her request for relief, Plaintiff seeks access to "immigration records pertaining to Ramesh Kumar Shrestha" and punitive and exemplary damages for their having been withheld." (Docket No. 1 p. 5).

Plaintiff acknowledges that she raised these same issues in her five previously filed law suits, all of which have been dismissed. (Docket No. 1, p. 4).

C. **Discussion**

1. **Claims for Monetary Damages under the Freedom of Information Act.**

To the extent Plaintiff's complaint can be read to state a claim for monetary damages against USCIS, ICE and the Department of Homeland Security, it is frivoulous and subject to dismissal under F.R.Civ.P. Rule 12(b)(1) for lack of subject matter jurisdiction. The United States has not consented to suit for monetary damages under FOIA and the claim is thus barred by sovereign immunity. **Scherer v. United States**, 241 F.Supp.2d 1270, 1277 (D.Kan.2003); **Logan v. United States**, 272 F.Supp.2d 1182, 1187 (D.Kan.2003); **Kosa v. Department of Homeland Security**, 2009 WL 2776699, at* 3 (N.D. Tex. 2009); See 5 U.S.C. §552(a)(4)(B).

2. **Counts I and II: Records Sought under the Freedom of Information**

---

Violations/Marriage Fraud and Tax Fraud to those Agencies." Dismissed with prejudice on October 27, 2009 for lack of federal jurisdiction.

3

**Act.**

In Count I, Plaintiff states that she has been denied information on the status of Shrestha, Prewitt and herself from USCIS through the Freedom of Information Act, and that she was denied that information.[2] In this suit she seeks only records pertaining to Shrestha. (Docket. No.1, p 5, ¶E). Count II does not state an independent cause of action, but explains Plaintiff's assertion that she needs the information requested to prosecute a separate suit against Shrestha and Prewitt.

Federal jurisdiction over a claim under the FOIA is dependent upon a showing that an agency improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B). **Kissinger v. Reporters Committee for Freedom of Press**, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). Plaintiff's claims for access to Shretha's immigration files is subject to dismissal for lack of federal jurisdiction. The FOIA requires a federal agency to disclose certain documents within its possession. It exempts from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . .could reasonably be expected to constitute an unwarranted invasion of personal privacy. . .[Exemption 7 ( C)].

In **United States Department of Justice v. Reporters Committee for Freedom of the Press**, 489 U.S. 749, 780, (1989) the Supreme Court held "as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy."

> The privacy interest protected by Exemption 7(C) is not a "cramped" or limited notion of personal privacy. **See Reporters Comm**., 489 U.S. at 762-63, 109 S.Ct. 1468. Instead, Exemption 7(C) protects a broad notion of personal privacy, including

---

[2] Plaintiff delineated the steps she has taken to perfect her FOIA claim in the complaint filed in 09cv348 LH/RLP.

>an individual's interest in avoiding disclosure of personal matters. Id. at 762, 109 S.Ct. 1468. This notion of privacy "encompass[es] the individual's control of information concerning his or her person," and "when, how, and to what extent information about them is communicated to others." Id. at 789, 764, 109 S.Ct. 1468 n. 16. The individual, and not the agency in possession of the records, controls the privacy interest. **See Reporters Comm**., 489 U.S. at 763-65, 109 S.Ct. 1468; **Sherman v. U.S. Dep't of the Army**, 244 F.3d 357, 363 (5th Cir.2001) (providing that the individual controls the privacy interest at stake in FOIA exemptions).
>
>\* \* \*
>
>The central purpose of the FOIA is to reveal government action, not to expose the actions of private third parties and their participation in law enforcement to the public. See id. at 774, 109 S.Ct. 1468 ("[T]he FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed.").

**Carpenter v. U.S. Dept. of Justice**, 470 F.3d 434, 438-439 (1st Cir. 2006)

Plaintiff can not show that Shretha's immigration records were improperly withheld from her. Accordingly, this court has no jurisdiction to consider her FOIA claim.

### 3. Count III: **Reporting of possible terrorist activity.**

Read broadly, Count III of Plaintiff's complaint alleges that her civil rights have been violated because no action was taken after Plaintiff reported that Shrestha was a possible terrorist. Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. **Linda R.S. v. Richard D.**, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Accordingly, Plaintiff has failed to state a recognizable cause of action in Count III.

### D. Filing Restrictions.

This case represents the sixth frivolous complaint filed in this court by Plaintiff in less than one year. The Court has repeatedly advised Plaintiff that the federal courts do not have jurisdiction over her claims. Plaintiff has been repeatedly cautioned that her frivolous and abusive litigation tactics may result in sanctions. (See Docket Nos. 10 and 13, 09cv646; Docket No. 13, 09cv687

JAP/RHS). On October 27, 2009, Senior United States District Judge James A. Parker instructed Plaintiff that she must receive written permission of the undersigned before filing any further complaints in this court. (Docket No. 15, 09cv687 JAP/RHS). Plaintiff ignored this instruction, and filed the instant suit the following day.

Plaintiff has no absolute right to access to the courts, and no constitutional right to bring frivolous or malicious lawsuits. **See Depineda v. Hemphill**, 34 F.3d 949, 948 (10th Cir. 1994). As explained by District Judge Browning in **Clark v. Meijer, Inc.**, 376 F.Supp. 2d 1077, 1084 (D.N.M. 2004):

> Although "[l]itigiousness alone will not support an injunction restricting filing abilities[,] ... injunctions are proper where the litigant's abusive and lengthy history is properly set forth." Id. If a plaintiff has a lengthy history of repetitive filings and abuse of the judicial process, a court may, in its discretion, impose sanctions on future filings of a litigant under its "inherent power to enter orders necessary and appropriate in aid of our jurisdiction." **Depineda v. Hemphill**, 34 F.3d at 948 (imposing *sua sponte* sanctions on a criminal defendant who filed eleven *pro se* appeals in approximately six years) ... A court may impose reasonable filing restrictions on a plaintiff so long as the court publishes guidelines on how the plaintiff may file a subsequent action and provides the plaintiff an opportunity to respond to the protective order. Id. (**citing Tripati v. Beaman**, 878 F.2d at 354).

Accordingly, I recommend that the Court enter an order preventing Plaintiff from filing any legal proceedings in the United States District Court for the District of New Mexico against USCIS, ICE, the Department of Homeland Security, Ramesh Jumar Shrestha, or James Prewitt unless a licensed attorney admitted to practice before this Court signs the pleadings or Plaintiff first obtains permission to proceed pro se. To obtain such permission, I recommend that Plaintiff be required to take the following steps:

1) File a petition with the Clerk of the Court requesting leave to file a *pro se* original proceeding against USCIS, ICE, the Department of Homeland Security, Ramesh Jumar Shrestha, or James Prewitt;

    2)       File with the Clerk of the Court a notarized affidavit, typed, and in proper legal form, which recites the issues Plaintiff seeks to present, including a short discussion of the legal right asserted and why the court has personal and subject matter jurisdiction over the proposed defendants.  The affidavit must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they have not previously been dismissed with prejudice, that they are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, that the new suit it not interposed for any improper purpose, and that Plaintiff will comply with all federal and local rules of the court. The affidavit must certify why the proposed new suit does not present the same issues decided in **Cedrins v. Shrestha**, 09cv262 JB/RLP; **Cedrins v. Shrestha**, et al., 09cv348 LH/GHW;**Cedrins v. Shrestha**, 09cv645 JCH/RLP;  **Cedrins v. Shrestha & Prewit**, 09cv646 MV/LFG and this suit, **Cedrins v. USCIS, ICE and Homeland Security,** 09cv1027 MV/RLP, and why another suit against the defendants in those suits would not be an abuse of the system.

I recommend that Plaintiff be required to submit these documents to the Clerk of the Court, who shall forward them to the undersigned for review to determine whether to permit a *pro se* original proceeding.  Without the approval of the undersigned, the Court will dismiss the action. If the undersigned approves the filing, an Order shall be entered  indicating the new matter shall proceed in accordance with the Federal Rules of Civil Procedure.

    **E.**       **Recommendations**

I hereby recommend the following:

    1)       That Plaintiff Motion to proceed *in forma pauperis* be granted.

2) That Plaintiff's Complaint be Dismissed without prejudice pursuant to §1915(e)(2) as frivolous.

3) That the filing restriction outlined above be implemented.

**F.  Deadline for filing Objections**

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**RICHARD L. PUGLISI**
**Chief United States Magistrate Judge**